1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

PAUL DOMINGUEZ,

              Petitioner,

    v.

AVENAL STATE PRISON,

              Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

1:11-cv-00069-AWI-JLT HC

FINDINGS AND RECOMMENDATIONS TO
SUMMARILY DISMISS PETITION FOR
WRIT OF HABEAS CORPUS (Doc. 1)

ORDER DIRECTING THAT OBJECTIONS
BE FILED WITHIN TWENTY DAYS

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

       On December 13, 2010, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division of this Court. (Doc. 1). On January 13, 2011, the case was transferred to the Fresno Division. (Doc. 8). Petitioner challenges the California court decisions upholding a November 12, 2009, decision of the California Board of Parole Hearings ("BPH"). Petitioner claims the California courts unreasonably determined that there was some evidence that he posed a current risk of danger to the public if released.

       I.  Preliminary Screening of the Petition.

       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

1  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

2  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any

3  attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4;

4  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490

5  (9th cir. 1990).  Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to

6  the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice

7  pleading is not sufficient; rather, the petition must state facts that point to a real possibility of

8  constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at

9  420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to

10  summary dismissal.  Hendricks, 908 F.2d at 491.

11  Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a

12  petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

13  respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory

14  Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th

15  Cir.2001).

16  Here, Petitioner alleges that he is an inmate of Avenal State Prison who is serving a sentence

17  of sixteen years-to-life imposed in the Solano County Superior Court after Petitioner's 1991

18  conviction of second degree murder with a weapons enhancement.  (Doc. 1, p. 1).  Petitioner

19  challenges November 12, 2009 decision of the BPH finding him unsuitable for parole.

20  II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

21  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

22  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

23  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

24  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

25  (1997).  The instant petition was filed on December 13,  2010, and thus, it is subject to the provisions

26  of the AEDPA.

27  Petitioner raises the following grounds for relief: (1) insufficient evidence was presented to

28  support the BPH's decision that Petitioner was not suitable for parole; and (2) Marcy's Law

1  (Proposition 9), as applied to Petitioner, violates the federal Ex Post Facto Clause.  (Doc. 1, p. 18 et

2  seq.).

3      A.  <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

4      Ground One alleges that the BPH's decision is not supported by sufficient evidence to

5  support the BPH's conclusion that Petitioner is unsuitable for parole.  As discussed below, this claim

6  sounds in substantive federal due process and is not cognizable in these proceedings.

7      The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

8  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

9  he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts

10 shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

11 custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§

12 2254(a)(, 2241( c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v.</u>

13 <u>Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section

14 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of

15 habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v.</u>

16 <u>Rodriguez</u>, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28

17 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted

18 in a decision that was contrary to, or involved an unreasonable application of, clearly established

19 Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that

20 was based on an unreasonable determination of the facts in light of the evidence presented in the

21 State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

22     Because California's statutory parole scheme guarantees that prisoners will not be denied

23 parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held

24 that California law creates a liberty interest in parole that may be enforced under the Due Process

25 Clause.  <u>Hayward v. Marshall</u>, 602 F.3d 546, 561-563 (9th Cir.2010); <u>Pearson v. Muntz</u>, 606 F.3d

26 606, 608-609 (9th Cir. 2010); <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (2010), *rev'd*, <u>Swarthout v.</u>

27 <u>Cooke</u>, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed

28 reviewing federal district courts to determine whether California's application of California's "some

1    evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light

2    of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

3          On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v. Cooke,

4    562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the

5    United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the

6    Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth

7    Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty

8    interest.  Swarthout, 2011 WL 197627, *2.

9          However, the procedures required for a parole determination are the minimal requirements

10   set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.

11   2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'

12   claims that they were denied a liberty interest because there was an absence of "some evidence" to

13   support the decision to deny parole.  In doing so, the High Court stated as follows:

14         There is no right under the Federal Constitution to be conditionally released before the
           expiration of a valid sentence, and the States are under no duty to offer parole to their
15         prisoners.  (Citation omitted.)  When, however, a State creates a liberty interest, the Due
           Process Clause requires fair procedures for its vindication–and federal courts will review the
16         application of those constitutionally required procedures.  In the context of parole, we have
           held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner
17         subject to a parole statute similar to California's received adequate process when he was
           allowed an opportunity to be heard and was provided a statement of the reasons why parole
18         was denied.  (Citation omitted.)

19   Swarthout, 2011 WL 197627, *2.

20         The Court concluded that the petitioners had received the due process to which they were

21   due:

22         They were allowed to speak at their parole hearings and to contest the evidence against them,
           were afforded access to their records in advance, and were notified as to the reasons why
23         parole was denied...

24         That should have been the beginning and the end of the federal habeas courts' inquiry into
           whether [the petitioners] received due process.

25

26   ───────────────────

27        [1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting
     or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and
28   to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the
     evidence relied upon in coming to the decision.  Id.

1   Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some

2   evidence" rule is not a substantive federal requirement, and correct application of the State's "some

3   evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court

4   emphasized that "the responsibility for assuring that the constitutionally adequate procedures

5   governing California's parole system are properly applied rests with California courts, and is no part

6   of the Ninth Circuit's business."  Id.

7          Swarthout forecloses any claim premised upon California's "some evidence" rule because

8   this Court cannot entertain substantive due process claims related to a state's application of its own

9   laws.  Here, Ground One in the petition sounds entirely in substantive due process and is therefore

10  foreclosed by Swarthout.  Review of the record for "some evidence" or "sufficient evidence" to

11  support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. §

12  2254.  Accordingly, Ground One should be summarily dismissed.

13         Moreover, to the extent that this claim rests solely on state law, it is not cognizable on federal

14  habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the

15  level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16

16  (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the

17  application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d

18  616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state

19  law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

20         B.  Proposition 9 Violates The Federal Ex Post Facto Clause

21         In Ground Two, Petitioner contends that Proposition 9, or Marcy's Law, which permits the

22  BPH to delay an inmate's next parole hearing for up to fifteen years, is a violation of the Ex Post

23  Facto clause of the federal constitution.  The Court disagrees.

24         "The States are prohibited from enacting an ex post facto law."  Garner v. Jones, 529 U.S.

25  244, 249 (2000)(citing U.S. Const., art. I, § 10, cl. 1).  "One function of the Ex Post Facto Clause is

26  to bar enactments which, by retroactive operation, increase the punishment for a crime after its

27  commission."  Id.  Although retroactive changes in laws governing parole of inmates may violate the

28  Ex Post Facto Clause, "not every retroactive procedural change creating a risk of affecting an

1   inmate's terms or conditions of confinement is prohibited." Id. at 250.  A retroactive procedural

2   change violates the Ex Post Facto Clause when it "creates a significant risk of prolonging [an

3   inmate's] incarceration." Id. at 251.  A "speculative" or "attenuated" risk of prolonging incarceration

4   is insufficient to establish a violation of the Ex Post Facto Clause.  Cal. Dept. Of Corr. V. Morales,

5   514 U.S. 499, 509 (1995).  Thus, in order to establish an Ex Post Facto Clause violation either (1) an

6   inmate must show that Proposition 9, on its face, creates a significant risk of increasing the

7   punishment of California life-term inmates, or (2) the inmate must "demonstrate, by evidence drawn

8   from [Proposition 9's] practical implementation...that its retroactive application will result in a longer

9   period of incarceration than under the [prior law]." Garner, 529 U.S. at 255.

10      Prior to the enactment of Proposition 9, California law required that a state inmate receive an

11   annual parole hearing unless, when certain circumstances were present, the BPH shceduled the

12   hearing for between two and five years hence.  Cal. Pen. Code § 3041.5(b)(2).  In 2010, Proposition

13   9 amended California law to eliminate the annual parole hearing and permit the BPH to schedule

14   future hearings between three and fifteen years hence.  Cal. Pen. Code § 3041.5(b)(3)(2010).

15      In Gilman v. Schwarzenegger, 2011 WL 198435  (9th Cir. Jan. 24, 2011), the Ninth Circuit

16   rejected an inmate's ex post facto challenge to Proposition 9.  After noting that "Proposition 9 did

17   not increase the statutory punishment for any particular offense, did not change the date of inmates'

18   initial parole hearings, and did not change the standard by which the Board determined whether

19   inmates were suitable for parole," the Court went on to consider the effect of the greater delays

20   between parole hearings on the inmate's period of incarceration, and concluded that no federal

21   violation occurred:

22      Even assuming, without deciding, that the statutory changes decreasing the frequency of
       scheduled hearings would create a risk of prolonged incarceration, the availability of advance
23      hearings is relevant to whether the changes in the frequency of parole hearings create a
       significant risk that prisoners will receive a greater punishment.  Garner, 529 U.S. at 256-
24      257; Morales, 514 U.S. at 512.
       ...
25      Here, advance hearings are explicitly made available by statute: 'The board may in its
       discretion...advance a hearing...to an earlier date, when a change in circumstances or new
26      information establishes a reasonable likelihood that consideration of the public and victim's
       safety does not require the additional period of incarceration of the prisoner.' Cal. Penal Code
27      § 3041.5(b)(4).  The Board may exercise its discretion to hold an advance hearing sua sponte
       or at the request of a prisoner.  A prisoner may request an advance hearing by submitting a
28      written request that 'set[s] forth the change in circumstances or new information that

establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration." Id. § 3041.5(d)(1). The Board's decision to deny a prisoner's request for an advance hearing is subject to judicial review. Id. § 3041.5(d)(2). Here, as in Morales, an advance hearing by the Board 'would remove any possibility of harm' to prisoners because they would not be required to wait a minimum of three years for a hearing. 514 U.S. at 513.

Gilman, 2011 WL at *5-6.

The Ninth Circuit concluded that "[t]here were no facts in the record from which the district court could infer that Proposition 9 created a significant risk of prolonging Plaintiff's incarceration." Id. at * 8. Accordingly, Petitioner's claim to the contrary is summarily rejected.

C.   Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process. Although Petitioner did not attach a transcript of the BPH hearing to his petition, the petition does contain a detailed synopsis of the course of the hearing, the comments made by Petitioner and his counsel, as well as the Board's questions, comments, and reasons for denying parole.   From Petitioner's own allegations, made under penalty of perjury, it is clear that Petitioner was present at the BPH hearing, that he had an opportunity to be heard, that he was represented by counsel who was present and argued on Petitioner's behalf, and that Petitioner received a statement of the Board's reasons for denying parole. (Doc. 1, pp. 9-17).

According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 2011 WL 197627. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16. Therefore, the instant petition does not present cognizable claims for relief and should be summarily dismissed.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 17, 2011**                                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE